DUNCAN, Circuit Judge,
concurring:
I concur in the majority opinion in this case. I briefly write separately because I am not unsympathetic to the concerns ar *262 ticulated by the dissent; I simply disagree that this is the appropriate fornm in which to address them.
Under the Bankruptcy Code,' the only relevant limitation imposed on Williams is that she not have “been granted a discharge under [Chapters 7 or 11], in a case commenced within six years before the date of the filing of the petition.” 11 U.S.C. § 727(a)(8) (2000). Congress may well wish to comprehensively address the problem, identified by the dissent, created by a debtor who initiates multiple Chapter 13 proceedings between separate Chapter 7 petitions. Congress has already constrained the relief available to Chapter 7 debtor-petitioners by expanding the waiting period between such filings from six to eight years. U.S.C.A. § 727(a)(8) (West 2007). It may similarly wish to exclude from that eight-year period any length of time during which Chapter 13 petitions are pending. To date, however, Congress has not done so, and I am reluctant to fill that gap in a manner that does not comport with the express statutory language.
My reluctance is compounded by the fact that Tidewater had several avenues of relief that were available to it here, but that it chose not to pursue. Obviously, it could have sought to protect its claim during the significant period available to it, instead of choosing, for unexplained reasons, not to do so. Further, it could have petitioned the court to terminate or condition the stays Williams received. 11 U.S.C. § 362(d). Such relief would have been particularly appropriate if, as Tidewater insinuates although never actually alleges, Williams’s filings were in bad faith. Given its lack of diligence and absence of prejudice, Tidewater seems an unlikely candidate to claim the benefit of equitable tolling.
In lieu of the finely-tuned relief that was available to Tidewater on these facts, the dissent’s view of the statute would turn the waiting period imposed on debtors into a statute of limitations subject to equitable tolling for the benefit of all creditors, whether or not prejudiced or deserving. I would prefer clearer Congressional guidance before interpreting a statutorily defined waiting period in such a manner.